# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nader Eshaghian, | No. CV-25-04141-PHX-DWL (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Chris Howard, et al., | |
| Respondents. | |

The Court has reviewed the parties' Joint Motion for Privacy Act and Protective Order. The Court will grant the motion.

**IT IS THEREFORE ORDERED granting** the parties' Joint Motion for Privacy Act and Protective Order (Doc. 21). Pursuant to 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), and subject to the conditions described below in this Privacy Act Order and Protective Order, the United States is authorized to release to Petitioner's appointed counsel government records containing Privacy Act protected information without obtaining prior written consent of the individuals to whom those records pertain. Such documents shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

**IT IS FURTHER ORDERED** that disclosure or other production of Privacy Act protected records is limited to the parties, their litigation teams, court reporters engaged in this litigation, witnesses in this matter, and any individual conducting, or assisting the person conducting, any mediation, arbitration, or other alternative dispute resolution proceeding between the parties to this case concerning this litigation. For the purposes of this Order,

1  "litigation team" refers to the parties, the parties' counsel of record, attorneys and staff in the
2  offices of counsel of record, including contractors, investigators, experts, and consultants
3  retained by counsel of record or their offices to assist in litigation.  The Privacy Act protected
4  records may be disclosed or otherwise produced only for the purpose of litigating this case
5  and may not be used for any other purpose.  These records may not be further disseminated
6  to any other persons or entities.

7  **IT IS FURTHER ORDERED** that the members of each litigation team or court
8  reporter receiving such records shall take reasonable steps to maintain the confidentiality of
9  the material and safeguard the records produced pursuant to this Order from inadvertent
10 disclosure or review by unauthorized parties.  Any person to whom Privacy Act material is
11 disclosed shall be advised of this Order and agree to be bound by its terms.

12 **IT IS FURTHER ORDERED** that pursuant to 5 U.S.C. § 552a(b)(11), the parties
13 are authorized to publicly disclose Privacy Act protected records and content relevant to this
14 litigation through publicly filed pleadings.  When incorporating Privacy Act material into
15 publicly filed pleadings or when attaching Privacy Act records to publicly filed pleading, the
16 parties will redact the documents as required by Fed. R. Civ. P. 5.2. When incorporated into
17 or attached to a publicly filed pleading, the document need not be marked as "subject to a
18 protective order."

19 **IT IS FURTHER ORDERED** that upon conclusion of this litigation (including any
20 appeal), all copies of documents, records and other information released under this Order,
21 with the exception of exhibits entered into evidence, pleading and attachments to pleadings,
22 or information incorporated into correspondence between the parties or incorporated into the
23 parties' attorney work product, shall be returned or destroyed within ninety (90) days.

24 **IT IS FURTHER ORDERED** that before any items marked as "CONFIDENTIAL-
25 SUBJECT TO PROTECTIVE ORDER," are filed with the Court for any purpose, the party
26 seeking to file such material must seek permission of the Court to file the material under seal.
27 Nothing in this Order shall be construed as automatically permitting a party to file under seal.
28 The party seeking leave of Court shall show "compelling reasons" (where the motion is more

than tangentially related to the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.[1]

**IT IS FURTHER ORDERED** that the United States, and its officers, employees, or attorneys, shall not bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Petitioner's counsel under this Order, or of any information contained in such documents.

**IT IS FURTHER ORDERED** that the United States, and its officers, employees, or attorneys, shall not bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Petitioner's counsel under this Order, or of any information contained in such documents.

**IT IS FURTHER ORDERED** that nothing in this Order constitutes a decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents. This Order also does not constitute a waiver by any party or any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order. Nor do the parties waive any privileges by entering into this order.

**IT IS FURTHER ORDERED** the Court may modify this Order in the interests of justice or for public policy reasons.

Dated this 17th day of December, 2025.

Dominic W. Lanza
United States District Judge

---

[1] If a party wishes to use the opposing party's confidential designations to support or oppose a motion, the opposing party bears the burden to make the required showing.